# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

JOHN SMITHERMAN, LANISE DEE, MICHAEL MYERS, WALTER SZABLEWSKI,

Plaintiffs,

v. Case No.: 6:26-cv-01150-PGB-LHP

STAPLES CONTRACT & COMMERCIAL LLC,

Defendant.

---

## ORDER

Before the Court is the parties' Joint Motion to Approve FLSA Settlement. Doc. No. 37. The parties have consented to the exercise of jurisdiction by a United States Magistrate Judge for resolution of the motion, and the presiding United States District Judge has approved that consent. Doc. Nos. 40, 42. Upon review, the motion (Doc. No. 37) will be **GRANTED**.

Plaintiff John Smitherman, alongside Plaintiffs Lanise Dee, Michael Myers, and Walter Szablewski, instituted this action by filing a complaint on May 22, 2026. Doc. No. 1. By the amended complaint (the operative pleading), Plaintiffs bring a single claim for violations of the overtime provisions of the Fair Labor Standards Act ("FLSA"). Doc. No. 33. On August 25, 2026, the parties notified the Court that they had reached a settlement in this matter. Doc. No. 35. And each Plaintiff has a

separate FLSA Settlement Agreement with Defendant (collectively, the "Agreements"). Doc. Nos. 37-1, 37-2, 37-3, 37-4.

In the present motion, the parties request that the Court approve their settlements in accordance with *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350 (11th Cir. 1982), and thereafter dismiss the case with prejudice. Doc. No. 37. The parties submit with the motion a fully executed copy of the Agreements. Doc. Nos. 37-1, 37-2, 37-3, 37-4. The parties also represent that Plaintiff Smitherman and Defendant have entered into a separately negotiated Confidential Settlement Agreement and General Release to settle Plaintiff Smitherman's claims related to a previously-filed EEOC charge regarding age discrimination and retaliation. Doc. No. 37, at 1, 6 & 6 n.4; *see also* Doc. No. 41.

Because the parties have reached a settlement that involves a compromise of Plaintiffs' FLSA claims, it is incumbent on the Court to review the reasonableness of the proposed settlements. *See Lynn's Food Stores*, 679 F.2d 1350. Having reviewed the same, the Court finds that each of the proposed settlements of the FLSA claims is a reasonable compromise of a bona fide dispute between the parties, in light of the settlement amounts and consideration exchanged, to include the additional consideration provided to Plaintiffs Dee, Myers, and Szablewski for the general release, non-disparagement, proprietary information, and no re-employment provisions. *See* Doc. Nos. 37-1, 37-2, 37-3, 37-4. *See Weldon v. Blackwoods Steakhouse,*

*Inc.*, No. 6:14–cv–79–Orl–37TBS, 2014 WL 4385593, at *1 (M.D. Fla. Sept. 4, 2014) (approving settlement containing general release and non-disparagement agreement where plaintiff received additional consideration for same); *Smith v. Aramark Corp.*, No. 6:14–cv–409–Orl–22KRS, 2014 WL 5690488, at *4 (M.D. Fla. Nov. 4, 2014) (approving FLSA settlement agreement where plaintiff received additional consideration for general release, confidentiality, and non-disparagement provisions).

Further, based on the parties' representations, including that Plaintiff Smitherman's separate agreement resolving his EEOC charge was separately negotiated and supported by additional, separate consideration, (Doc. No. 37, at 6; Doc. No. 41), it does not appear that this separate agreement has contaminated the fairness of the settlement of Plaintiff Smitherman's FLSA claims, and thus, there is no impediment to approval of the FLSA agreement. *See, e.g.*, *Haywood v. Fla. Beverage Corp.*, No. 6:22-cv-584-PGB-RMN, 2023 WL 3975332, at *2 (M.D. Fla. Apr. 4, 2023), *report and recommendation adopted*, No. 6:22-cv-584-PGB-RMN, 2023 WL 3983530 (M.D. Fla. Apr. 5, 2023) (finding separate confidential agreement resolving all other claims plaintiff may have against defendant that was negotiated separate and apart from FLSA settlement did not contaminate the FLSA settlement and did not prevent approval of FLSA settlement).

The Court further finds, based on the parties' representations (Doc. No. 37, at 9), that the amount of agreed-upon fees and costs to be paid to Plaintiffs' counsel under the Agreements was determined independently, did not affect the payment to Plaintiffs, and otherwise appears to be reasonable. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

Accordingly, the Joint Motion to Approve FLSA Settlement (Doc. No. 37) is **GRANTED**, and the parties' FLSA Settlement Agreements (Doc. Nos. 37-1, 37-2, 37-3, 37-4) are **APPROVED**. The case is **DISMISSED with prejudice**, and the Clerk of Court is **DIRECTED** to close the file.

**DONE** and **ORDERED** in Orlando, Florida on October 29, 2026.

Leslie Hoffman Price

LESLIE HOFFMAN PRICE
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record